**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Robert RUSSELL, Defendant-Appellant.**

**No. 83–2580.**

United States Court of Appeals,
Seventh Circuit.

Argued March 26, 1984.

Decided June 27, 1984.

As Amended on Denial of Rehearing
July 25, 1984.

Julius Lucius Echeles, Chicago, Ill., for defendant-appellant.

Daniel A. DuPre, Asst. U.S. Atty., Dan K. Webb, U.S. Atty., Chicago, Ill., for plaintiff-appellant.

Before BAUER, WOOD and ESCHBACH, Circuit Judges.

BAUER, Circuit Judge.

A federal grand jury indicted Defendant Robert Russell for attempting to damage and destroy by fire or explosive, in violation of 18 U.S.C. § 844(i) (1982),[1] a two-unit apartment building at 4530 South Union Street, Chicago, Illinois. The district court denied Russell's motion to dismiss for lack of federal jurisdiction. 563 F.Supp. 1085 (N.D.Ill.1983). The defendant was tried, convicted, and sentenced to ten years imprisonment. The defendant appeals on the grounds that the court lacked jurisdiction, that the evidence was insufficient to support his conviction, and that his sentence was improper. We affirm on each issue.

The district court held that the South Union Street property was within the ambit of Section 844(i) because "the creation of heat from natural gas originating out of state is an 'activity affecting interstate or foreign commerce.'" 563 F.Supp. at 1086. The defendant claims that the district court lacked jurisdiction because the building that he was accused of attempting to damage was residential property and Section 844(i) is inapplicable to residential buildings. The defendant relies principally on *United States v. Mennuti*, 639 F.2d 107 (2d Cir.1981), to support his contention. In *Mennuti*, the trial court dismissed an in-

---

**1.** 18 U.S.C. § 844(i) (1982) states in relevant part:

Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce will be imprisoned for not more than ten years or fined not more than $10,000.00, or both ....

dictment which charged the defendant with the destruction of two single-family residences. The Second Circuit affirmed the dismissal, stating that the legislative history of Section 844(i) revealed that the section does not apply to "dwelling houses which were not being used for any commercial purpose at all." 639 F.2d at 111. The district court in the case at hand held that although the South Union Street property was used as a residential property the court had jurisdiction under Section 844(i) because of the "expansive interpretations of the language of § 844(i)" that this court used in *United States v. Sweet,* 548 F.2d 198 (7th Cir.), *cert. denied,* 430 U.S. 969, 97 S.Ct. 1653, 52 L.Ed.2d 361 (1977). The district court expressly refused to apply *Mennuti* because it did "not announc[e] the law of this circuit." 563 F.Supp. at 1087.

We agree with the district court that *Sweet* sanctions an expansive reading of Section 844(i). In *Sweet,* the defendant was a tavern owner convicted under Section 844(i) for his role in the fire-bombing of a competing tavern. The fire destroyed the physical structure of the tavern and its stock of liquor and beer that had originated out of state but had been purchased locally through distributors. The defendant in *Sweet* argued that the tavern was not being used in an activity affecting interstate commerce. This court affirmed jurisdiction and concluded that "[t]he punishment in § 844(i) of the unlawful use of explosives in an intrastate activity, but which has an effect on interstate commerce although *de minimis,* is within the power of Congress to enact as an appropriate means to accomplish a legitimate end under the commerce power." 548 F.2d at 202.

■ We do not think that it is necessary in this case, however, to reject the more restrictive interpretation of Section 844(i) in *Mennuti,* and thus create a conflict with the Second Circuit, in order to uphold the district court's jurisdiction. The district court also stated that even "when conceding the propriety of the suggested limitations [imposed by *Mennuti* ] ..., [f]rom the perspective of the defendant, the building on South Union Street was very definitely 'business property' within the meaning of [Section 844(i) and its legislative history]." 563 F.Supp. at 1088. The facts in this case amply support this finding. The South Union Street apartment building was one of four pieces of property that Russell owned and rented to tenants. Russell's income tax returns from 1976 through 1982 demonstrated that Russell treated these properties as income property for which he claimed business deductions for depreciation and expenses. These properties also were covered by business fire insurance policies, in contrast to the defendant's own residence which he covered by a homeowner's policy limited to owner-occupied premises. At the time of the incident in question, Russell lived in neither unit of the South Union Street property. The district court's jurisdiction thus could be based on the fact that this property was business or commercial property under Section 844(i), and we affirm the court's jurisdiction on this basis.

■ Russell next contends that the evidence at trial was insufficient to establish beyond a reasonable doubt the attempt element of the crime. This argument is without merit. The record is replete with evidence on which a trier of fact could find that the defendant did some act in an effort to bring about or accomplish a violation of Section 844(i). We think that it is unnecessary to review all of those facts here.

■ Russell's final argument is that the district court abused its discretion when it sentenced him by refusing to refer the defendant first for a psychiatric evaluation. This argument is based primarily on the defendant's contention that his conduct in this case "may well have been influenced by [a] tragic early experience"—a fire which killed two of Russell's siblings when he was only six years old. Appellant's br. at 24 n. 17. The trial court is given wide discretion in determining to what length it will delve into the defendant's past to arrive at the appropriate sentence. *See United States v. Brubaker,* 663 F.2d 764, 768 (7th Cir.1981). The court is not required to

consider every "possibly relevant" factor, as Russell contends it should, when making a sentencing determination. It is enough for the court to consider sufficient information "to enable it to exercise its sentencing discretion in an enlightened manner," *United States v. Stephens*, 699 F.2d 534, 537 (11th Cir.1983). The record reveals that the district court ably did so in this case.

For the above reasons, the defendant's conviction and sentence are affirmed.

AFFIRMED.