UNITED STATES of America, Plaintiff,

v.

Daniel MORAN, Defendant.

No. 86 CR 654.

United States District Court,
N.D. Illinois, E.D.

Jan. 23, 1987.

Daniel Dupree, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

John O'Brien, Chicago, Ill., for defendant.

## SUPPLEMENTAL MEMORANDUM OPINION

ASPEN, District Judge:

The defendant pled guilty to Count Two of the indictment, conditional on this Court determining that it had jurisdiction over this count. On January 21, 1987, this Court reviewed the memoranda and exhibits submitted by the parties and concluded that we have jurisdiction over Count Two. This supplemental memorandum opinion is in support of that ruling.

As we previously stated, this Court has jurisdiction over Count Two if it has jurisdiction over the "predicate offense," a violation of 18 U.S.C. § 844(i), as charged in Count One. Section 844(i) provides in pertinent part that "[w]hoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, *any* building ... or personal properly used in interstate or foreign commerce or in *any* activity affecting interstate or foreign commerce" commits an offense against the United States (emphasis added). The only contested issue herein was whether the property described in Count One was being used in any activity affecting interstate commerce on or about August 15, 1985.

The government's principal contentions were that (1) the victim's use of a business-owned computer at his home (the subject premises of the indictment) to conduct interstate company business, and (2) the subject premises' use of interstate natural gas establish the § 841($l$) requisite that the subject premises was being used in an activity affecting interstate commerce at the time of the offense. We agree with these contentions.

### The Computer Usage

We agree that Steven Whitney's use of a business-owned computer for company business on the subject premises is a basis for federal jurisdiction under 18 U.S.C. § 844(i). First, the computer is "personal property used in interstate commerce." The computer was purchased and owned by Indusco, Whitney's employer. (1st Stips. # 16; 2nd Stips. # 10). Indusco was involved in interstate commerce at the time of one alleged bombing (1st Stips. # s 15–17; 2nd Stips. # 16). The computer, located at the subject premises, was used primarily (90%) on behalf of Indusco. (1st Stips. # 16). This involved the preparation of spreadsheets concerning fair prices on Indusco purchases (1st Stips. # 16). Therefore, it is clear that the attempted destruc-

tion of the premises upon which the computer was located falls within the reach of federal jurisdiction.

The property aspect aside, jurisdiction is also conferred under the provision's "activity" portion. The necessary depth of the activity's relationship to interstate commerce was found to be shallow by the Seventh Circuit in *United States v. Murphy,* 768 F.2d 1518 (7th Cir.1985). That Court said that "[t]he commerce power reaches everything related to commerce, even though particular instances of a class of activities do not themselves occur or affect commerce." *Id.* at 1531. Therefore, federal jurisdiction is supported by the use of the computer, based on the facts stipulated to and discussed *supra.*

### Interstate Natural Gas

While federal jurisdiction is clearly supported by the presence and use of a computer on the subject premises, another possible basis exists. The use of interstate natural gas on the subject premises at the time of the alleged bombing may be an independent jurisdictional basis. This suggestion is moot now. In *United States v. Russell,* 563 F.Supp. 1085 (N.D.Ill.1983), the court found that the use of interstate natural gas to heat the subject premises satisfied the "any activity" clause of § 844(i). *Id.* at 1086–87. *See also United States v. Barton,* 647 F.2d 224, 231 (2d Cir.1981) (jury instruction which defined "interstate commerce" included "if oil and gas moving in interstate commerce is used to heat the building ..."). The *Russell* opinion was affirmed by two appellate courts. *See* 471 U.S. 858, 105 S.Ct. 2455, 85 L.Ed.2d 829 (1985); 738 F.2d 825 (7th Cir.1984). Furthermore, the Seventh Circuit in *United States v. Zabic,* 745 F.2d 464 (1984), found that the "any activity" jurisdictional basis was satisfied where the subject premises received natural gas from out of state sources. *Id.* at 471. While the plaintiff in *Zabic* established an additional jurisdictional basis under the *"any building"* clause, *see id.* at 470–71, the opinion does not foreclose the use of interstate natural gas as an independent jurisdictional basis. We viewed this position favorably in

*United States v. Podolsky,* 625 F.Supp. 188 (N.D.Ill.1985).

For the foregoing reasons, this Court has jurisdiction over Count Two and defendant's plea to Count Two of the indictment is accepted by the Court. It is so ordered.