**DERRICK BRANDY, ROY ROMNEY and CLYDE RICHARDSON, Appellees/Plaintiffs**

**v.**

**FLAMBOYANT INVESTMENT COMPANY, LTD., d/b/a FRENCHMAN'S REEF ON THE BAY and GARY RICE, Appellants/Defendants**

D.C. Civil No. 90-36

T.C. Civil No. 926/1984

District Court of the Virgin Islands

Appellate Division, St. Thomas and St. John

September 5, 1991

DESMOND L. MAYNARD, ESQ., St. Thomas, V.I., *for Derrick Brandy, Roy Romney and Clyde Richardson*

JOEL W. MARSH, ESQ., St. Thomas, V.I., *for Flamboyant Investment Company, Ltd., d/b/a Frenchman's Reef on the Bay and Gary Rice*

BROTMAN, *Acting Chief Judge*

On Appeal from the
Territorial Court of the Virgin Islands

BEFORE: STANLEY S. BROTMAN, *Acting Chief Judge,* District Court of the Virgin Islands, Judge of the United States District Court for the District of New Jersey Sitting by Designation; JOSEPH J. FARNAN JR., *Judge* of the United States District Court for the District of Delaware, Sitting by Designation; and RAYMOND L. FINCH, *Judge* of the Territorial Court of the United States Virgin Islands, St. Croix, Sitting by Designation

OPINION OF THE COURT

I. INTRODUCTION

Defendants appeal a judgment of the Territorial Court of the Virgin Islands which awarded plaintiffs zero ($0.00) nominal or compensatory damages, but awarded plaintiffs punitive damages of $50,000 each for false arrest and defamation. At trial, Desmond Maynard represented plaintiffs and Joel Marsh represented defendants. Counsel on appeal are the same as trial. Oral argument was waived by the Court.

Appellants Flamboyant Investment Company, LTD. d/b/a Frenchman's Reef on the Bay ("Frenchman's Reef") and Gary Rice raise the following two issues on appeal:

1. Whether in an action for false arrest and defamation against a corporate employer based solely upon the conduct of its employee, and a verdict of no liability as to the employee is returned, a judgment against the employer is in error as a matter of law and must be reversed?

2. Whether in light of a verdict that the plaintiffs sustained no actual damages, a judgment awarding punitive damages is in error as a matter of law and must be set aside.

Derrick Brandy, Roy Romney and Clyde Richardson ("Appellees") state the issues as follows:

1. What is the applicable standard of review in this case?

2. Did the trial court err in concluding that the verdicts were not fatally inconsistent on the evidence viewed in light of the instructions given to the jury, or, alternatively, were the instructions given to the jury fundamentally erroneous under the "plain error" rule?

3. Under local law, are the Appellees presumed to have incurred nominal damages from the fact that the jury found that they were defamed and falsely imprisoned?

Based on the circumstances presented, the Court does not find as a matter of law that the judgment against Frenchman's Reef and for Gary Rice was inconsistent; however, the court finds that the trial judge's answer to a question from the jury concerning damages was confusing. As the jury returned a verdict in which it awarded punitive but no actual or nominal damages after receiving the confusing instruction from the court in response to the jury's inquiry, this matter will be remanded for a new trial.

## II. FACTUAL BACKGROUND

The underlying facts are undisputed and are as follows. On February 25, 1984, Raul Greaux, an employee at Frenchman's Reef, observed three men removing an upright vacuum cleaner from Frenchman's Reef Hotel. Greaux notified Gary Rice (the assistant hotel manager) and Rice called the police. The police located the three men and asked them to come to the police station for questioning. At the station Gary Rice and the executive housekeeper of Frenchman's Reef, Hardie Michael Gaston, verified that the vacuum cleaner was not stolen from Frenchman's Reef. Shortly after this incident Derrick Brandy, Roy Romney and Clyde Richardson ("appellees") filed suit in the Territorial Court for false arrest and defamation.

## III. PROCEDURAL HISTORY

On October 24, 1984, appellees filed an action in the Territorial Court for damages against defendants Frenchman's Reef and Gary Rice. The complaint alleged: (1) false arrest; (2) defamation; and (3) culpable conduct (intentional and unjustifiable injury). The matter was tried before a jury on November 17 and 18, 1988. Prior to submission to the jury, the trial court directed a verdict in favor of defendants as to Count III. After instructing the jury, the court sent the remaining counts to the jury for consideration.

During deliberations the jury sent a question to the trial court asking: "Judge . . ., if we feel that no damage was made, do we indicate an amount or leave it blank?" (App. 709, lines 6–12). Over the objections of appellees' attorney, the trial court sent back the following answer: "Put Zero." (App. 709, Lines 15–17). The jury completed the verdict form indicating that Frenchman's Reef was liable to appellees for false arrest and defamation but that Gary Rice was not. The jury awarded each appellee zero ($0.00) actual damages, but the jury also awarded $50,000 to each appellee as punitive damages. The jury also found that Frenchman's Reef "acted with reckless disregard for the rights of the appellees" by answering that specific question on the verdict form. (App. 731). The verdict form did not contain a separate category for nominal damages.

Frenchman's Reef filed a post-trial motion challenging the punitive damage award as improper where the actual damage award was zero ($0.00). The trial judge denied this motion, stating "[b]ecause the jurors' intent is clear in this case, it would be unjust to deprive plaintiffs of their $50,000 awards on a relatively insignificant procedural misunderstanding." Brandy v. Flamboyant Investment Co., Ltd., No. 84-926, slip. op. at 5–6 (Terr. Ct. St. Thomas and St. John Sept. 1, 1989). The trial judge entered a judgment on the verdict.

Frenchman's Reef then filed a motion under Fed. R. Civ. P. 59(e) asking the trial court to vacate the judgment awarding punitive damages against it and to enter judgment in its favor. The trial court denied the motion and this appeal followed.

## IV. DISCUSSION

A. *Frenchman's Reef Liability*

■■■■ Failure to object to jury instructions in a timely manner at trial prevents challenging those instructions on appeal. Fed. R. Civ. P. 51; see, e.g., McAdam v. Dean Witter Reynolds, Inc., 896 F.2d 750, 769 (3d Cir. 1990). The only exception to this rule arises where the reviewing court finds "plain error" in the instructions, that is, that the alleged error was "fundamental and highly prejudicial" so that "failure to consider the error would result in a miscarriage of justice." Beardshall v. Minuteman Press International, Inc., 665 F.2d 23, 27 (3d Cir. 1981). Frenchman's Reef failed to object to the jury instructions at trial and it has not raised this issue on appeal except by challenging the verdict as inconsistent. However, failure to raise this legal issue at trial is not a jurisdictional bar, because an appel-

late court could and will consider such arguments when there are compelling circumstances. McAdam, 896 F.2d 750 at 770;[1] see also Patterson v. Cuyler, 729 F.2d 925, 929 (3d Cir. 1984). Although Frenchman's Reef failed to object to the jury instructions at trial, the court finds that it should resolve the issue of whether the jury verdict was inconsistent in order to avoid any repetition of an appeal given the court's resolution of the issue raised concerning the judge's instruction to the jury following its question about damages.

■■ Frenchman's Reef asserts that in an action for false arrest and defamation against a corporate employer based solely upon the conduct of its employee, a verdict of no liability as to the employee and but against the employer is in error as a matter of law and must be reversed. Frenchman's Reef relies on Restatements (Second) of Torts § 883 (1979),[2] specifically comment b illustration 4, in support of its assertion that the jury verdict was inconsistent and must be reversed. Section 883 of the Restatements (Second) of Torts states:

> If two defendants are joined in an action for the same harm, judgment can properly be entered against one and in favor of the other, except when the judgment is entered after trial on the merits and the liability of one cannot exist without the liability of the other.

Frenchman's Reef correctly states part of § 883 stands for the proposition that when the liability of one cannot exist without the liability of the other and a jury returns a verdict for one and not for the other, such a verdict must be set aside. That proposition relies on the doctrine of respondeat superior, and illustration 4 of comment b supports that proposition. However, comment b also lists other situations and illustrations that Frenchman's Reef failed to take into account. Comment b distinguishes different situations that may arise

---

[1] However, the court in McAdam cautioned that the discretionary power to review errors in jury instructions which were not objected to at trial should be exercised sparingly. McAdam, 896 F.2d 750 at 770 n.31.

[2] In the absence of local laws to the contrary, the Virgin Islands follow the rules of common law as expressed in the Restatements of the Law approved by the American Law Institute. V.I. Code Ann. tit. 1 § 4. Regarding the issue of whether punitive damages can be awarded without an accompanying award of nominal or compensatory damages there is no local law and consequently, the Restatement (Second) of Torts § 908 (1979) is applicable. Herman v. Hess Oil Virgin Islands Corp., 524 F.2d 767, 772 (3d cir. 1975); Shackleford v. Puerto Rico International Airlines, Inc., 16 V.I. 342, 346–47 (D.V.I. 1979).

in the context of principal and agent relationship which may lead a jury to find for the agent and against the principal. The relevant part of comment b states:

> there may be some evidence that makes it possible rationally to find that one of the parties, although liable for the act of another, is liable because of his own tortious conduct, or that although there was a failure of joint duty there was a condition attached to the liability of one of them that did not attach to the other.

This part of comment b, represented in illustrations 6 & 7, states that if there is some evidence supporting a departure from a finding against both the principal and agent, such a result is not inconsistent and is therefore permissible. Since it is possible under certain circumstances that a principal may be liable while the agent is not, the court turns to whether those limited circumstances apply here.

■■ In considering Frenchman's Reef's assertion that the verdict is inconsistent, this court must search for a reasonable way to read the verdict as expressing a coherent view of the case, and must exhaust this effort before it is free to disregard the jury's verdict and remand the case for a new trial. Toner v. Lederle Laboratories, 828 F.2d 510, 512 (9th Cir. 1987), cert. denied, 485 U.S. 942 (1988), citing Gallick v. Baltimore & Ohio R. Co., 372 U.S. 108, 119, 83 S.Ct. 659, 666, 9 L.Ed.2d 618 (1963). "The consistency of jury verdicts must be considered in light of the jury instructions." Toner 828 F.2d at 512, citing Gallick 372 U.S. at 120–21. In reviewing the jury instructions,[3] it is clear that the jury was given an option to find that

---

[3] Relevant portions of the jury instructions regarding the liability of a corporation based on the tortious acts of an employee are as follows:

> In this case, the Defendant, the Corporate Defendant, Flamboyant Investment Company, Limited, doing business as Flamboyant on the Bay is a corporation, and you know, a corporation can act only through its officers and employees.
> The negligence of an officer or employee acting within the scope of his employment is the same negligence of the corporation. Now, in this case naturally Flamboyant has been sued as the employer, and Gary Rice, Defendant Gary Rice has been sued as the employee. And, in this case, based on the pleadings here, both parties have agreed in these pleadings that at the time in question of this incident that Defendant Gary Rice was an employee and that he was acting within the scope of his authority at the time. So, since they have agreed you can accept that. (App. 675, line 13–676, line 9)

While explaining the various types of damages, the court stated:

> So, in the first instance, if you find that there is liability either by Flamboyant or by Gary Rice or by both of them, you find there is liability there as to Count I

"there is liability either by Frenchman's Reef or by Gary Rice or by both of them." (App. 679, lines 14–15). This option was repeated again when the trial court was reviewing the verdict form with the jury, at which time the trial court indicated that a finding of liability against either Frenchman's Reef or Gary Rice or both of them would be appropriate. (App. 688, line 22–689, line 13). The verdict form also indicated that such a result was possible. (App. 730–31). Since there were no objections to the jury instructions, and the jury instructions advised the jury that it could find for either Rice or Frenchman's Reef or for both, this court must conclude that the attorneys agreed with trial judge regarding the jury instructions and the evidence submitted. The trial judge obviously determined that there was some evidence submitted that would permit the jury to find for either Rice or Frenchman's Reef or for both.

■ A review of the record reveals that there is some testimony regarding Frenchman's Reef policies and security procedures. From that evidence, the jury may have rationally concluded that Frenchman's Reef's security procedures were faulty, thereby exposing it alone to liability. The jury may have found that Rice was acting in accordance with the established security procedures of Frenchman's Reef and liability should only rest with Frenchman's Reef. It is also possible that the jury may have concluded that the combined actions of Rice, Greaux, and Gaston—all Frenchman's Reef employees—constituted tortious conduct, while Rice's actions alone did not. Therefore, the jury could have rationally held Frenchman's Reef liable while absolving Rice. Although such a finding is clearly an exception rather than the rule,[4] given the facts, the evidence, and the jury instructions, the court cannot say that the jury verdict is inconsistent as a matter of law.

B. *Jury Charge on Damages*

■ Generally, "[t]he standard of review for the [Territorial] court's ruling on points for charge is . . . abuse of discretion." Savarese v. Agriss, 883 F.2d 1194, 1202 (3d Cir. 1989), quoting, Link v. Mercedes-Benz of N. Am., 788 F.2d 918, 922 (3d Cir. 1986). Jury instructions are considered as a whole to determine whether they are misleading or inadequate. Savarese, 883 F.2d at 1202. However,

---

and Count II, or as to Count I or Count II, or as to Count II, then you get into the question of damages. (App. 679, lines 13–19)

[4] Guffey v. Logan, 563 F.Supp. 951, 954 (E.D. Pa. 1983); but cf. Guffey v. State, 103 Wash. 2d 144, 690 P.2d 1163 (1984).

the question of whether the jury instructions misstates a legal standard is a question over which the appellate court has plenary review. Id. (citations omitted); see also Rivera v. Government of Virgin Islands, 635 F.Supp. 795, 798 (D.V.I. App. Div. 1986) (for mixed questions of law and fact, the reviewing court must separate the issue into component parts and apply the clearly erroneous standards to the factual component and plenary standard to the legal component).

■ The jury sent a question to the trial court asking: "Judge . . ., if we feel that no damage was made, do we indicate an amount or leave it blank?" Over the objections of appellees' attorney, the court sent back the following answer: "Put Zero." The trial judge misstated a legal standard when he replied to the jury "Put Zero" because it is generally accepted that an award of actual damages must accompany an award of punitive damages.[5] See Pennbank v. St. Paul Fire & Marine Ins. Co., 699 F.Supp. 122 (W.D. Pa. 1987); Sulecki v. Southeast Nat'l Bank, 358 Pa. Super 132, 516 A.2d 1217 (1986); Sprague, Levinson & Thall v. Advest, Inc., 623 F.Supp. 11 (D.C. Pa. 1985), aff'd, 780 F.2d 1016 (3d Cir. 1985); Baram v. Farugia, 606 F.2d 42, 46 (3d Cir. 1979); Basista v. Weir, 340 F.2d 74, 86 n.11 (3d Cir. 1965), citing, Hilbert v. Roth, 395 Pa. 270, 276, 149 A.2d 648, 652 (1959) ("It is well recognized that no award for punitive damage may be made where actual damage has not been suffered."); Bruce Lincoln Mercury v. Universal C.I.T. Credit Corp., 325 F.2d 2, 22 (3d Cir. 1963); Restatement (Second) of Torts § 908,[6] comment b (1979) (a

---

[5] See also Mid-State Homes, Inc., v. Johnson, 294 Ala. 59, 311 So.2d 312 (1975); Edmond v. Fairfield Sunrise Village, Inc., 132 Ariz. App. 142, 644 P.2d 296 (1982); Wasp Oil., Inc., v. Arkansas Oil & Gas, Inc., 280 Ark. 420, 658 S.W.2d 397 (1983); American Motorcycle Institute, Inc., v. Mitchell, 380 So. 2d 452 (Fla. Dist. Ct. App. 1980); Dicker v. Smith, 215 Kan. 212, 523 P.2d 371 (1974); Cates v. Barb, 650 P.2d 1159 (Wyo. 1982); Defeyter v. Riley, 671 P.2d 995 (Colo. Ct. App. 1983); Stephenson v. Capano Dev. Inc., 462 A.2d 1069 (Del. Super. Ct. 1983). The courts listed above define compensatory damages and actual damages synonymously; however, some courts, recognizing that actual damages are a prerequisite for an award of punitive damages, also hold that the actual damages requirement is satisfied by an award of nominal damages. Lawrence v. Risen, 598 S.W 2d 474 (Ky. Ct. App. 1980); Sandel v. Cousins, 266 S.C. 19, 221 S.E.2d 111 (1975).

[6] Restatement (Second) of Torts §§ 908 (1) & (2) provides:
(1) Punitive damages are damages, other than compensatory or nominal damages, awarded against a person to punish him for his outrageous conduct and to deter him and others like him from similar conduct in the future.
(2) Punitive damages may be awarded for the conduct that is outrageous,

cause of action for a particular tort must exist, at least for nominal damages). Moreover, the Third Circuit Court of Appeals in applying Restatement (Second) of Torts § 908 (1979) to the Virgin Islands has recognized Pennsylvania's adoption of the § 908. See Acosta v. Honda Motor Co., Ltd., 717 F.2d 828, 839 (3d Cir. 1985); see also Creque v. Cintron, 17 V.I. 69, 75 (Terr. Ct. 1980). Pennsylvania accepts the position that punitive damages cannot be awarded unless compensatory or nominal damages are awarded. Hilbert v. Roth, 395 Pa. 270, 276, 149 A.2d 648, 652 (1959). In applying Pennsylvania's interpretation of § 908, this court rules as a matter of law that compensatory or nominal damages must accompany an award of punitive damages.

 In this case, the jury apparently followed the trial judge's directive to put zero ($0.00) on the verdict form instead of making its own independent determination as to whether actual or nominal damages should be awarded. Following the question from the jury, appellees' counsel objected to the proposed answer and asked the judge to inform the jury that an award for punitive damages cannot be made without an award of at least nominal damages.[7] The trial judge refused to repeat the instructions on damages[8] and instead

---

cause of the defendant's evil motive of his reckless indifference to the rights of others. In assessing punitive damages, the trier of fact can properly consider the character of the defendant's act, the nature and extent of the harm to plaintiff that the defendant caused or intended to cause and the wealth of the defendant.

[7] In objecting to the proposed answer, appellees' counsel stated:

My concern, your honor, is that it is impossible to tell from the note which kind of damages they are, the jurors, are referring to; that is whether or not they are referring to Punitive Damages, Nominal Damages or Compensatory Damages, inasmuch as if the jury makes an award for Punitive Damages without any supporting Nominal or Compensatory Damages the verdict will be flawed. It is my belief that the jury ought to be told that an award for Punitive Damages cannot be made if there is not also an award of at least Nominal Damages.

[8] Relevant portions of the jury instructions regarding damages are as follows:

Now, with respect to damages, damages means that sum of money that is assessed against a party who caused another to suffer damages. And those damages are classified in three grounds. You have three types of damages. You have one, what we call nominal damages. Two, you have compensatory damages. And three, you have punitive damages.

With respect to nominal damages, nominal damages is a trivial or small sum of money awarded to a particular Plaintiff who might have established his case, but has not established he has suffered any harm from the incident. In our jurisdiction, nominal damages is the sum of one dollar.

gave the jury an answer which led to ambiguity. It is not clear from the jury's verdict that they determined that the plaintiffs were not entitled to actual or nominal damages. The ambiguity in the jury's verdict which necessarily resulted from the trial court's answer to the question from the jury so flawed the verdict that we are compelled to order a new trial.

■ Appellees argue that nominal damages are presumed when a jury finds defamation and false imprisonment. That argument is not applicable here since the jury indicated zero ($0.00) damages when asked on the verdict form "What amount of damages, if any, do you

———

Compensatory damages, on the other hand, compensatory damages is a sum of money awarded to an injured party to compensate for harm he may have suffered from the incident. (App. 676, line 10–677, line 6).

After stating the elements of compensatory damages, the trial judge went on to state:

Now, punitive damages is different. Remember, compensatory damages is dealing with when you are trying to determine what harm was suffered by the Plaintiffs. Punitive damages is different. Punitive damages are damages awarded against a person to punish that person for reckless or outrageous misconduct, in order to prevent that person and others who may be intending to do the same thing, from engaging in similar conduct in the future. In other words, it is a kind of civil punishment.

Now, in determining whether or not a defendant has engaged in that type of reckless or outrageous misconduct, you have to find by a preponderance of that evidence that they did so with what we call a reckless disregard for the rights of the Plaintiffs, and in reckless disregard for the consequences of whatever actions they took. Now, when I get in later to the verdict form itself, you will understand how we have it set up.

So, in the first instance, if you find that there is liability either by Flamboyant or by Gary Rice or by both of them, you find there is liability there as to Count I and Count II, or as to Count I or Count II, or as to Count II, then you get into the question of damages. (App. 679, line 13–19).

I explained to you nominal damages. If you don't believe they proved any damages at all, you could use your nominal damages. You see what I'm saying?

If you find that they have proven compensatory damages, you compute that, the compensatory damages aside.

When you have finished with that, then you go ahead and consider whether or not you believe they acted in reckless disregard of the rights of the plaintiffs or in reckless disregard of the consequences of what they did, and you will have a yes or no thing to deal with that, but if you find that was so, then you would deal with whether or not, what amount, if any, of punitive damages you might have already assessed. (App. 678, line 15–680, line 12).

394

find was sustained by the plaintiffs?" (App. 731). To find otherwise would be contrary to the jury's finding.

## V. CONCLUSION

Given the facts, the evidence, and the trial court's jury instructions and taking into account that there are limited circumstances in tort where liability for the principal is found when none is found for the agent, the court holds that it cannot find that the jury's verdict is inconsistent as a matter of law for the reasons discussed above. However, the court finds that the trial judge's answer to a question from the jury regarding damages was misleading and ambiguous. The answer misstated the correct legal standard the jury was to apply, therefore we will vacate the judgment and remand for a new trial[9] consistent with this opinion. An appropriate order will be entered.

## JUDGMENT OF THE COURT

This matter having come before the court on the appeal of Flamboyant Investment Company, Ltd., d/b/a Frenchman's Reef on the Bay and Gary Rice from a judgment of Territorial Court of the Virgin Islands; and

The court having considered the submissions of the parties; and

For the reasons set forth in the Court's opinion of this date;

IT IS on this 5th day of September, 1991, hereby

ORDERED AND ADJUDGED that the judgment of the Territorial Court is VACATED and this matter is REMANDED to the Territorial Court for a new trial.

---

[9] If the jury gives inconsistent answers to special interrogatories, the case must be remanded for a new trial. Willard v. The John Hayward, 577 F.2d 1009, 1011 (5th Cir. 1978).