**JOSE IVAN SANCHEZ, Appellant**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee**

D.C. Crim. App. No. 94-84

T.C. Crim. No. 372-94

District Court of the Virgin Islands

Div. of St. Croix

April 2, 1996

HAROLD W. L. WILLOCKS, ESQ., Chief Territorial Public Defender, St. Croix, U.S.V.I., for Appellant

ELLIOTT M. DAVIS, ESQ., Assistant Attorney General, V.I. Department of Justice, St. Thomas, U.S.V.I., *for Appellee*

MEYERS, *Judge*

## OPINION

Jose Ivan Sanchez ["Sanchez" or "appellant"] appeals his conviction of involuntary manslaughter. Appellant contends that the Territorial Court erred in (1) failing to dismiss his case because the Government had not met its burden of showing the absence of self-defense, (2) improperly instructing the jury on the use of self-defense, and (3) failing to instruct the jury on the burden of proof as it pertains to self-defense.

## FACTS

On or about May 6, 1994 at about 12:00 A.M., Sanchez and Christopher John ["John"] got into a brawl at a bar in Frederiksted, St. Croix. Both were asked to leave the bar. O'Neal Morris, a Government witness, observed Sanchez and John arguing outside the bar. He testified that Sanchez was the more argumentative of the two; that Sanchez had his hand in John's face; and that John was backing away from Sanchez. He testified that Sanchez punched John and that at no time did John attempt to punch Sanchez. He further testified that when Sanchez punched John he fell backwards, hit the back of his head on the street and did not get up. As he lifted John from the roadway, Mr. Morris observed blood at the back of John's head.

Maria Almestica, a defense witness who had accompanied Sanchez to the bar, contradicted parts of Morris' testimony. She testified that John was hitting Sanchez and trying to fight with him. She also stated that Sanchez then punched John, that John fell to the pavement, then stood up and went to sit next to a nearby store.

Responding to a call at about 5:22 A.M., three emergency medical technicians found John lying on his back in the vicinity of

106

the bar. He was breathing, but unresponsive and in critical condition. The technicians took John to the emergency room. Dr. Lamboy, noting some severe trauma in the head, ordered a brain scan and found that John was brain dead. Thereafter, John went into respiratory arrest and was placed on a ventilator. He was pronounced dead on May 9, 1994.

Sanchez went to trial on and was convicted of a single count of involuntary manslaughter before a jury on August 8 and 9, 1994. In a Judgment and Sentence dated October 24, 1994, *nunc pro tunc* to September 23, 1994, appellant was sentenced to a term of five years in jail, with all in excess of two and one-half years suspended, and he was placed on supervised probation for two and one-half years, to begin upon his release from jail. Joint Appendix ["J.A."] at 14-15.

## JURISDICTION

The Appellate Division of the District Court has appellate jurisdiction pursuant to V.I. CODE ANN.. tit. 4, § 33 (1995). *See Monsanto-Swan v. Government of the Virgin Islands*, V.I. BBS 92CR211A.DT5 (D.V.I. APP. Jan. 25, 1996).

## DISCUSSION

### Sufficiency of the Evidence

■■ In ruling on a motion for acquittal based on insufficiency of evidence, the Court must view all the evidence in the light most favorable to the Government and, based on that view, determine whether a jury could find guilt beyond a reasonable doubt. *Glasser v. United States*, 315 U.S. 60, 80, 86 L. Ed. 680, 62 S. Ct. 457 (1942). Sufficient evidence is that quantum of evidence that is adequate and sufficient to permit reasonable persons to find the appellant guilty beyond a reasonable doubt. *Government of the Virgin Islands v. Grant*, 21 V.I. 20, 24-25 (D.V.I. APP. 1984). Reversal for insufficient evidence is warranted only where the failure of the prosecution is clear. *Burks v. United States*, 437 U.S. 1, 17, 57 L. Ed. 2d 1, 98 S. Ct. 2141 (1978).

■ In the case *sub judice*, appellant claims that he was entitled to a dismissal of the case because the Government failed to introduce

evidence to prove beyond a reasonable doubt the negative proposition that he did not act in self-defense. Although the testimony from eyewitnesses was not entirely consistent, adequate and sufficient evidence was presented from which the jury could find guilt beyond a reasonable doubt. The evidence adduced at trial showed that appellant was the more argumentative of the two, that he had his hand in the victim's face, that the victim was walking backwards trying to avoid a fight when Sanchez struck him, and that the victim did not attempt to strike Sanchez. J.A. at 102, 115, 121-22. The record thus contains sufficient evidence to support a finding that appellant was not acting in self-defense and the trial court committed no error in denying appellant's motion for acquittal based upon insufficiency of proof of absence of self-defense.

## Jury Instructions

A. Appellant's second basis for vacating the jury verdict is that the trial court erred in instructing the jury on self-defense. Appellant contends that "the continuous use of the term deadly force with the instruction of self-defense, clearly gave the jury the impression that for the Defendant's action to be self-defense, deadly force had to be used." Brief for Appellant at 13.[1]

The first question that must be asked when an appellant assigns error to the trial court's instructions to the jury is whether or not Sanchez had made a timely objection. FED. R. CRIM. P. 30 provides that "no party may assign as error any portion of the charge or omission therefrom unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which the party objects and the grounds of the objection."[2] See Nibbs v. Roberts, 31 V.I. 196, 216-17 (D.V.I. APP. 1995). When the judge

---

[1] The trial court gave an instruction on excusable homicide. Joint Appendix ["J.A."] at 395, 414-15. The appellant did not request any instruction on justifiable homicide or resistance by a person about to be injured. V.I. CODE ANN. tit. 14, §§ 927 & 41(2); Cf. Government of the Virgin Islands v. Isaac, 50 F.3d 1175, 1181 (3d Cir. 1995). More importantly, appellant has not raised on appeal the court's failure to instruct on these two alternate types of "self-defense."

[2] The rules governing the Territorial Court in effect in August of 1994 required the practice and procedure of that court to "conform as nearly as may be to that in the district court in like causes." Terr. Ct. R. 7. Thus, the Federal Rules of Criminal Procedure applied to this trial.

108

concluded her instructions to the jury, the appellant made no objection to any of the court's instructions. Certainly, appellant made no specific objection to the trial court's use of the term "deadly force" in its instructions on self-defense.[3] As a matter of fact, the record reflects that, at the conclusion of the defense's case, appellant himself requested that the judge include language containing the words "deadly force" and submitted an instruction that contained the same language on deadly force as in the court's standard instructions.[4]

█ Since Sanchez did not object to the use of the term, appellant's assignment of error in the trial court's use of the words "deadly force" should be considered only if it constituted plain error. *Nibbs*, 31 V.I. at 216-17. FED. R. CRIM. P. 52(b) provides that "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Plain error is defined as those errors that "seriously affect the fairness, integrity or public reputation of judicial proceedings." *United States v. Atkinson*, 297 U.S. 157, 160, 80 L. Ed. 555, 56 S. Ct. 391 (1936). They are errors that "undermine fundamental fairness of the trial and contribute to a miscarriage of justice." *United States v. Young*, 470 U.S. 1, 16, 84 L. Ed. 2d 1, 105 S. Ct. 1038 (1985) (citations omitted).[5] However, the doctrine is to be used sparingly and only where the error was sure to have had an "unfair prejudicial impact on the jury's deliberations." *Id.* at 16 n.14; *United States v. Frady*, 456 U.S. 152, 167-68, 71 L. Ed. 2d 816, 102 S. Ct. 1584 (1982).

---

[3] THE COURT: All right. With regard to self-defense instruction — what is this?

. . .

THE COURT: Do you have any objections to page 28?
MR. WILLOCKS: With just one change, your Honor. That . . . that simply, second paragraph, it just be labeled "deadly force". And, a statement: If you find that the Defendant used deadly force . . .

J.A. at 361-62.

[4] J.A. at 364-65.

[5] Failure to object to jury instructions in a timely manner at trial prevents challenging those instructions on appeal . . . [except] where the reviewing court finds "plain error" in the instructions, that is, that the alleged error was "fundamental and highly prejudicial" so "that failure to consider the error would result in a miscarriage of justice."

*Brandy v. Flamboyant Investment Co.*, 26 V.I. 384, 388, 772 F. Supp. 1538, 1541 (D.V.I. APP. 1991) (citations omitted).

■ ■ The Virgin Islands self-defense statute provides that to justify a homicide on the ground of self-defense, there must be reasonable ground for believing that appellant was in immediate danger of his life or great bodily harm. 14 V.I.C. § 43.[6] The relevant portion of the trial court's instruction reads as follows:

The Defendant may not be convicted of the crime of Involuntary Manslaughter or of the crime of Simple Assault and Battery if he acted in self-defense. If the Defendant was not the aggressor and had reasonable grounds to believe and actually did believe that he was in imminent danger of death or serious bodily harm from which he could save himself only by using deadly force against his assailant, he had the right to apply deadly force to protect himself. By deadly force is meant force which is likely to cause death or serious bodily harm.

In order for the Defendant to have been justified in the use of deadly force in self-defense, he must not have provoked the assault on him or have been the aggressor. Mere words without more do not constitute provocation or aggression.

The circumstances under which the Defendant acted must have been such as to produce in the mind of a reasonably prudent person similarly situated, the reasonable belief that the other person was then about to kill him or do him serious bodily harm. In addition, the Defendant must have actually believed that he was in imminent danger of death or serious bodily harm that deadly force must be used to repel it.

J.A. at 412-13. Accordingly, where he caused the death of another, appellant's claim of self-defense cannot be sustained unless the jury finds he was in immediate danger of his life or great bodily harm. In instructing on self-defense, it was appropriate for the trial judge to use the term "deadly force." The court's instruction did

[6] V.I. CODE ANN. tit. 14, § 43 reads as follows:

The right of self-defense does not extend to the infliction of more harm than is necessary for the purpose of defense. To justify a homicide on the ground of self-defense, there must be not only the belief but also reasonable ground for believing that at the time of killing the deceased, the party killing was in imminent or immediate danger of his life or great bodily harm.

not preclude a finding that the appellant used less than "deadly force" or that John's death was excusable under the court's instruction on excusable homicide. *Id.*

■ B. With respect to the trial court's instructions on the burden of proof for self-defense, the judge instructed the jury as follows:

If evidence of self-defense is present, the Government must prove beyond a reasonable doubt that the Defendant did not act in self-defense. If you find that the Government has failed to prove beyond a reasonable doubt that the Defendant did not act in self-defense, then you must find the Defendant not guilty. In other words, if you have a reasonable doubt whether or not the Defendant acted in self-defense, your verdict must be not guilty.

J.A. at 413. We find that this instruction taken as a whole adequately placed the burden of proof on the Government.

## CONCLUSION

This Court finds that the prosecution had presented sufficient evidence for the jury to find guilt beyond a reasonable doubt. The trial judge's use of the term "deadly force" in its instructions was not plain error. Finally, the trial court's instructions on burden of proof properly placed that burden on the prosecution. Accordingly, the Territorial Court's decision is affirmed. An appropriate order will be entered.

AND NOW, this 2nd day of April, 1996, after careful review of the record and having considered the submissions and arguments of the parties; and for the reasons set forth in the Court's accompanying Opinion of even date;

IT IS ORDERED:

THAT the Territorial Court's Judgment dated October 26, 1994 is AFFIRMED.