**THEOLINDA MELENDEZ, Appellant**

**v.**

**MARLENE BOSCHULTE, Appellee**

D.C. Civ. App. No. 95-126

T.C. S.C. No. 126-1997

District Court of the Virgin Islands

Div. of St. Thomas and St. John

January 3, 1997

Theolinda Melendez, Pro se Appellant, St. Thomas, U.S.V.I.

Elmo A. Adams Jr., Esq., St. Thomas, U.S.V.I., *for Appellee.*

BEFORE: MOORE, *Chief Judge,* FINCH and ROSS, *Judges*

## OPINION OF THE COURT

PER CURIAM

We address on appeal the questions of whether the Small Claims Division of the Territorial Court, in a landlord-tenant lease dispute, committed reversible error by failing to allow a party to answer a question posed from the bench and in entering judgment for owed rent absent a signed lease between the parties? For the reasons stated herein, we affirm the lower court's judgment.

### FACTS

This appeal is from a small claims trial and judgment in favor of appellee Marlene Boschulte for $3,822 in rent owed by appellant Theolinda Melendez ["Melendez"].[1] Both parties appeared in small claims court pro se. The parties agree that Melendez occupied the premises at Kongens Tyver No. 1 from September 4, 1993 until March 1, 1995; a period of approximately eighteen months. The rent was $800 per month. Melendez paid $1600 upon occupancy, representing her September, 1993 rent, and a security deposit equaling one month's rent. Appendix ["App."] at 5.

Melendez was a participant in the Section 8 rental subsidy program administered by Virgin Islands Housing Authority ["VIHA"].[2] Upon occupying the premises, Melendez went to VIHA to request an inspection of the dwelling to be included in the Section 8 housing program.[3] She testified that the inspection occurred, a problem was found, and the landlord quickly repaired the problem. Melendez stated that a "lease [then] went through".

---

[1] Appellee Boschulte did not appear at trial. Her husband, Anthony Boschulte ["Boschulte"] co-owns the property but was not named in the complaint or the judgment. Because appellant does not raise the issue, we will not address the appropriateness of Mr. Boschulte's role or the admissibility of his testimony in lieu his wife's testimony.

[2] Appendix ["App."] at 2. Funds for housing assistance payments on behalf of eligible families are provided by the United States Department of Housing and Urban Development ["HUD"] under an annual contributions contract. The program is administered on a local level by a Public Housing Agency ["PHA"]. Locally, the Virgin Islands Housing Authority ["VIHA"] is empowered and authorized to participate in the programs of the federal government in the fields of housing for low income families. V.I. Code Ann. tit. 29, § 36.

[3] App. at 25. To qualify for a Section 8 rent subsidy, the dwelling must be inspected and approved to meet HUD standards.

App. at 25. The trial court, however, found that Melendez was not approved for the rent subsidy until December 1, 1993 because she delayed in filing an employment verification form. App. at 27. The trial judge also held that Melendez was solely responsible for the entire $800 monthly rent until that time.[4]

When the Section 8 contract came up for renewal, the property was reinspected. App. at 12. Because many property repairs were required to pass inspection, Anthony Boschulte ["Boschulte"] decided not to renew the Section 8 contract. App. at 13. Boschulte stated that Melendez was verbally informed on October 28, 1994 of his intent not to renew the lease. App. at 13. Boschulte mailed a letter to Melendez, followed by a notarized letter dated December 29, 1994, confirming his previous conversation and telling Melendez to vacate the premises by January 28, 1995. App. at 14. Melendez also received a letter dated December 9, 1994 from VIHA advising her to vacate by November 30, 1994.[5]

Melendez did not pay the $800 rent owed for October and November of 1993, the period before the Section 8 approval. App. at 33. Melendez admitted she did not pay her $291 portion in December 1993 and January 1994. App. at 34. Melendez also conceded that she did not pay rent for December 1994 through February 1995, the period after the expiration of the Section 8 contract.[6] During trial, the court asked Melendez to examine

---

[4] App. at 33. The original agreement between Boschulte and Melendez began September 4, 1993 and terminated on September 3, 1994. Once the Section 8 contract was approved, a new one-year tenancy began December 1, 1993, terminating November 30, 1994. Once approved under the Section 8 program, the tenant was obliged to pay a portion of the rent based on the family income. Melendez was required to pay $291 of the monthly rent.

[5] App. at 15. We note that the letter from VIHA advising Melendez to vacate the premises is dated nine days later than the requested move-out date.

[6] App. at 19-20. Melendez stated that she did not pay the rent owed because "[Boschulte] did not come back."

The parties agree that Melendez vacated the premises on March 1, 1995.
The rent was unpaid for the following periods:

October 1993 ($800)
November 1993 ($800)
December 1993 ($291)
January 1994 ($291)
December 1994 ($800)

documents proffered by Boschulte including the lease and Section 8 contract.[7] The trial judge stated it assumed Melendez had seen the documents and asked her if she signed the lease. App. at 8. Before Melendez was able to answer, Boschulte interjected and stated that the lease was signed by him but never signed by Melendez. App. at 9. The trial court found that the unpaid rent amounted to $4,582 from which the $800 security deposit was applied, resulting in damages of $3,782 plus $40 court costs for a total judgment of $3,822.

## DISCUSSION

Melendez challenges the trial court decision because she was not allowed to answer a question posed to her by the judge because Boschulte interrupted her. The record reflects Melendez neither objected to this interjection nor did she dispute the accuracy of Boschulte's answer when she questioned him. On appeal, Melendez states that she never signed the lease, yet admits to the accuracy of Boschulte's interjection.[8] This Court also addresses whether the trial court erred by awarding back rent to her landlord, appellee, given that there was not a fully executed lease.

The District Court sitting as appellate court has plenary review of the Territorial Court's application of legal precepts. V.I. CODE ANN. tit. 4, § 33. The Appellate Division reviews the Territorial Court's findings of fact for clear error. 4 V.I.C. § 33. An appellate court can not reach the merits of an appellant's legal arguments, however, if he has failed to raise them in the court below, unless such waiver rises to the level of plain error. *Prosser v. Prosser*, 34 V.I. 139, 921 F. Supp. 1428, 1432 (D.V.I. App.1995) (citing *Singleton v. Wulff*, 428 U.S. 106, 120-22, 49 L. Ed. 2d 826, 96 S. Ct. 2868 (1976) (ruling that, in general, an appellate court does not review an issue not raised below unless "the proper resolution is beyond any doubt" or justice so requires)); *see also Nibbs v. Roberts*,

---

January 1995 ($800)
February 1995 ($800).

The total outstanding rent is $4,582.

[7] App. at 8.

[8] *See* Judgment dated July 18, 1995, which appellant neglected to include in her Appendix.

31 V.I. 196, 222-23 (D.V.I. APP. 1995). The record shows that Melendez failed to raise any objections during trial regarding the issues she now presents to this Court.

■ In the present case, Melendez asserts that because she did not answer a question posed to her by the judge and because Boschulte stepped forward and answered on her behalf, the trial court committed reversible error. Plain error, however, is defined as those errors that "seriously affect the fairness, integrity, or public reputation of judicial proceedings." *Sanchez v. Government of the Virgin Islands*, 34 V.I. 105, 921 F. Supp. 297, 300 (D.V.I. APP. 1996) (citing *United States v. Atkinson*, 297 U.S. 157, 160, 80 L. Ed. 555, 56 S. Ct. 391 (1936)). These are errors that "contribute to a miscarriage of justice . . . . The doctrine is to be used sparingly and only where the error was sure to have had an unfair 'prejudicial impact . . . .'" *Id.* (citations omitted).

Melendez does not dispute the accuracy of Boschulte's answer to the trial judge that Melendez never signed the lease. In fact, in Melendez's appeal, she concurs and states that she never did sign a lease with Boschulte. While it is unclear from her appeal, Melendez may believe that the conduct of the lower court constitutes reversible error because it is prejudice *per se.*[9] Appellant must do more than just assert prejudice. She must demonstrate that she was unfairly disadvantaged or kept from being able to present facts or evidence.[10] Our careful review of the transcript reveals that Melendez had ample opportunity to question Boschulte, to answer questions posed to her by the court, and to tell her side of the story. Melendez suffered no prejudice due to Boschulte's interruption, nor does the record support a finding of plain error. Accordingly, we reject Melendez's allegation that she did not receive a fair trial.[11]

---

[9] Melendez vaguely asserts that her due process rights were denied.

[10] *Accord, Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc.*, 663 F.2d 419, 426 (3d Cir. 1981), *cert. denied*, 455 U.S. 1018, 72 L. Ed. 2d 136, 102 S. Ct. 1714 (1982).

[11] Territorial Court Rule 64 states that "the judge shall conduct the trial in such manner as to do substantial justice between the parties according to the rules of substantive law, and shall not be bound by the statutory provisions or rules of practice, procedure, pleadings, or evidence, except such provisions relating to privileged communications." It appears from the transcript that the judge conducted the trial in accordance with this

■ Next, appellant alleges there was no valid lease between the parties because she did not sign the lease. However, [a] "landlord-tenant relationship can be created orally if the duration of an oral lease does not exceed the period specified in the controlling Statute of Frauds." RESTATEMENT (SECOND) OF PROPERTY § 2.1 (1976) *See 28 V.I.C. § 241.*[12] Under Virgin Islands law, any interest in property orally created, transferred or assigned for a period of greater than one year is void and unenforceable under the Statute of Frauds. *See Fountain Valley Corp. v. Wells*, 19 V.I. 607, 615, 98 F.R.D. 679 (D.V.I. 1983), *aff'd*, 728 F.2d 209 (3d Cir. 1984), *cert. denied*, 471 U.S. 1107, 105 S. Ct. 2343, 85 L. Ed. 2d 858 (1985) (citing 28 V.I.C. §§ 241, 242, and 244). Because the original agreement between the parties was for a period of exactly one year[13] and not greater than one year, the agreement is outside the scope of the Statute of Frauds. The terms of the lease having been established by the parties' communications and actions, an enforceable oral lease existed. RESTATEMENT (SECOND) OF PROPERTY § 2.1 cmt. b.

To further support the finding of an enforceable agreement, Ms. Melendez admitted that she occupied the premises for an eighteen-month period and that she paid her appropriate share of rent pursuant to the Section 8 agreement. Under this set of facts, Melendez substantially performed under the agreement by residing on Boschulte's property. More importantly, we agree with the trial court that Melendez's partial payment under the Section 8 agreement constituted her substantial performance under the terms of the agreement. Similarly, Boschulte made repairs to comply with the Section 8 requirements, allowed Melendez to occupy the premises, and received partial rental payment from both VIHA and Melendez, which constituted his substantial performance of the terms of the lease. Both parties agreed that Melendez lived at the premises during the time period for which the debt accrued, and Melendez admitted that she owed Boschulte for outstanding rent. These factors, when examined together,

---

rule. We have reviewed appellant's arguments and examined the record of this appeal in the spirit of Rule 64.

[12] The Virgin Islands Code adopts the Restatement of Law in the absence of local law to the contrary. 1 V.I.C. § 4.

[13] *See supra* note 4.

support our conclusion that a landlord-tenant relationship existed and that the lease must be given full effect.

## CONCLUSION

■ Although she admits occupying the premises and concedes that she failed to pay some rent during that period, appellant nonetheless contends that she should not be held accountable because she did not sign the written lease. This Court finds that her claim that she does not owe rent because she did not sign the lease is without merit. The lease is not within the scope of the Statute of Frauds; therefore a written document is not required. In addition, the landlord-tenant agreement is valid under the doctrine of substantial performance. Appellant's claim that Boschulte's interruption justifies reversal is unfounded since she failed to object to Boschulte's interjection and was given an opportunity to present her defense. The Territorial Court's Judgment dated July 18, 1995 was just and is hereby affirmed. An appropriate order follows.

DATED this 3rd day of January, 1997.

## ORDER OF THE COURT

AND NOW, this 3rd day of January, 1997, having considered the submissions of the parties; and for the reasons set forth in the Court's accompanying Opinion of even date;

IT IS ORDERED AND ADJUDGED that the Territorial Court's Judgment dated July 18, 1995 is AFFIRMED.