**BOYD BROWN, JR., Appellant,**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee.**

D.C. Crim. App. No. 1995-066

Terr. Ct. Crim. No.F-048/1994

District Court of the Virgin Islands

Division of St. Thomas and St. John

December 17, 1998, Filed

CHAD C. MESSIER, ESQ., DUDLEY, TOPPER & FEUERZEIG, St. Thomas, VI, *for* *Appellant*

JOEL H. FELD, ESQ., *Assistant Attorney General,* St. Thomas, VI, *for Appellee*

THOMAS K. MOORE, Chief Judge, District Court of the Virgin Islands; RAYMOND L. FINCH, District Judge, District Court of the Virgin Islands; and ALFONSO G. ANDREWS, JR., Territorial Court Judge, Division of St. Croix, Sitting by Designation.

## MEMORANDUM

PER CURIAM

Following his conviction and sentencing in Territorial Court, Boyd Brown, Jr. ["appellant" or "Brown"] timely filed his notice of appeal. After reviewing the record, however, appellant's counsel has moved to withdraw on the ground that this appeal is without merit. Appellant's counsel has filed a brief ["Anders brief"] in accordance with *Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967), stating that, although there is no arguable merit for appeal, he was introducing to this panel "anything in the record that might arguably support the appeal." *Id.* at 744. Appellant's counsel provided Brown with a copy of the *Anders* brief to which Brown responded. After reviewing the potential grounds for appeal discussed in the *Anders* brief, Brown's response, and the Government's briefs, the Court concludes that these proposed issues are without merit. Accordingly, the Court will grant counsel's motion to withdraw and will dismiss this appeal.

## I. FACTS

On February 3, 1994, Robert Henry ["Henry"], a security guard at the Cardow's jewelry store, was shot by Leroy Hodge ["Hodge"] in front of Cardow's and robbed of a bag containing cash receipts of approximately $26,000. Henry was on his way to deposit the cash receipts with the bank. Henry later died from the shooting.

Hodge and appellant were arrested for the crime, each charged with conspiracy, first degree robbery, and first degree assault. Although Hodge was identified as the shooter, Brown was fingered as the "mastermind" of the robbery scheme. After Henry's death, the Government amended its charges against both Hodge and Brown to include first degree murder.

142

Hodge entered into a plea bargain, pleading guilty to second degree murder, grand larceny, conspiracy, and unauthorized possession of a firearm and agreed to testify against Brown. Hodge was later sentenced to twenty years on the second degree murder charge, five years for grand larceny, two years for conspiracy, and three years for unauthorized possession of a firearm with all sentences to run concurrently.

On January 11, 12, and 13, 1995, Brown, having rejected a plea bargain offered by the Government, was tried before a jury. He was found not guilty of first degree murder but guilty of first degree robbery, and guilty of conspiracy. Brown was later sentenced to fifteen years in prison for the robbery charge, and five years for the conspiracy charge with the sentences to run consecutively.

## II. DISCUSSION

In his *Anders* brief, counsel for appellant identified the following arguably colorable issues on appeal: 1) the Territorial Court improperly denied a motion to suppress the co-defendant's statements; 2) Territorial Court committed errors during trial proceedings including incorrect evidence rulings and excessive participation by the trial judge in the questioning of witnesses; and 3) the trial court committed errors during sentencing by refusing to continue sentencing until the appellant could be evaluated by a psychologist and subjecting appellant to double jeopardy by sentencing him consecutively rather than concurrently. These issues shall be addressed below.

### A. Motion to Suppress

On June 1, 1994, a hearing was held on a motion to suppress co-defendant Hodge's statements. The Territorial Court suppressed those statements made by Hodge before he had been advised of his *Miranda* rights, and denied the motion to suppress the written statement given by Hodge after he signed a waiver of his *Miranda* rights. The first potential issue raised by counsel for appellant is whether this denial of motion to suppress unfairly prejudiced the appellant.

The Territorial Court's findings of fact regarding the events surrounding Hodge's statements and his waiver of his *Miranda*

rights are subject to a clearly erroneous standard of review. V.I. CODE ANN. tit. 4, § 33 (Findings of fact are reviewed under the clearly erroneous standard.); *Stallworth Timber Co. v. Triad Bldg. Supply*, 37 V.I. 49, 52, 968 F. Supp. 279, 281 (D.V.I. App. Div. 1997) (same). The trial court based its decision on the uncontradicted testimony of a police officer involved in the questioning of Hodge. Nothing found in the record or raised by appellant or counsel for appellant indicates that the trial court's decision was clearly erroneous.

■ Furthermore, appellant does not have standing to challenge the ruling. A defendant generally can only assert his rights and claims, not the rights or claims of another. *Warth v. Seldin*, 422 U.S. 490, 499, 45 L. Ed. 2d 343, 95 S. Ct. 2197 (1975). As Hodge filed the motion to suppress Hodge's oral and written statements, appellant lacks standing to contest the trial court's ruling on these issues. Furthermore, even if the appellant did have standing to challenge the ruling, he cannot demonstrate any prejudice or harm resulting from the court's ruling as Hodge's statement was *not* introduced as evidence at appellant's trial.[1]

### B. Jury Trial January 11, 12, and 13, 1995

■ Counsel for appellant maintains that there is "virtually no basis to allege trial error based on the inclusion or exclusion of evidence" at trial. (*Anders* Br. at 10.) A review of the record supports counsel's argument. Of the few objections raised, all but one of the defense objections were sustained by the court. The only objection not sustained was an invalid objection with defense counsel arguing that the witness did not mean what she said in her testimony. (Appendix at 263-64.) Although overruling defense counsel, the trial court allowed the witness to further explain her testimony in light of defense counsel's concerns. (*Id.* at 264.)

The trial court similarly treated the prosecution's objections, overruling the majority of them. The court properly sustained two of the prosecution's objections. The first concerned defense counsel's question regarding the "general knowledge" of a witness. The court properly sustained the prosecution's objection that the

---

[1] The excluded statement, however, was referred to by at least one officer in his testimony.

witness may only testify to personal knowledge. (*Id.* at 217.) The second sustained objection involved defense counsel's attempt to introduce Hodge's arrest for unauthorized possession of a firearm to create the inference that Hodge owned a gun. Presumably, defense counsel intended to implicitly impeach Hodge's testimony that he obtained the gun used to shoot Henry from the appellant. The court properly sustained the objection as it was not a conviction but simply an arrest and may have been unduly inflammatory and prejudicial to the government's case.

■  Counsel for appellant also identifies the active approach of the trial judge in questioning witnesses as a potential basis for appeal. Rule 614(b) of the Federal Rules of Evidence provides that "the court may interrogate witnesses, whether called by itself or by a party." While the trial judge may actively participate in the questioning of witnesses, the trial judge cannot "take[] over the role of the prosecutor." *United States v. Filani*, 74 F.3d 378, 385 (2d Cir. 1996) (citing *United States v. Guertler*, 147 F.2d 796, 797 (2d. Cir.), *cert. denied*, 325 U.S. 879, 89 L. Ed. 1995, 65 S. Ct. 1553 (1945)). Within this framework, however, the trial judge has broad discretion to question witnesses. The trial judge has an "active responsibility to insure that issues are clearly presented to the jury. Thus, the questioning of witnesses by a trial judge, if for a proper purpose such as clarifying ambiguities, correcting misstatements, or obtaining information needed to make rulings, is well within that responsibility." *United States v. Pisani*, 773 F.2d 397, 403 (2d Cir. 1985).

In the case *sub judice*, the trial judge did take an active role in the trial proceedings. The record does not indicate, however, that the trial judge went too far and crossed the line of impartiality so as to deny Brown a fair trial. Furthermore, the trial judge did give a curative instruction to the jury at the close of the evidence, addressing his involvement in the presentation of evidence:

> With respect to the questions that I may have asked during the trial, or the rulings that I may have made on objections by the attorneys, you are instructed that the intention there is merely clarification of a matter for you with respect to the questions. And a ruling on the law is

based on my interpretation of the law. The attorneys know if I made an error to make a notice for appeal. And with respect to the questions that I may ask it's not intended to influence your verdict one way or the other. I want to make it clear to you. Remember, I told you don't try to guess what Judge Hodge would rule if it's his case, because it's your case and we respect your decision.

(Appendix at 492.) Counsel for appellant and the Government maintain that this curative instruction removes any unfairness or damage done by the trial judge's involvement during the trial. (*Anders* Br. at 14 ("These instructions cured any defect.").) The Court agrees. Any harm caused by the trial judge's comments or questioning of witnesses was remedied by the curative instruction given to the jury. *See United States v. Olgin,* 745 F.2d 263, 269 (3d Cir. 1984) (Trial judge's comment which potentially could constitute reversible error can be counterbalanced by a curative instruction. Such instructions are effective if the judge clearly explains to the jury that it is free to disregard the judge's remarks and that it must determine the facts and decide the case on its own.)

■ The Government and counsel for appellant further argue that this issue cannot be raised on appeal because counsel for the appellant at the trial level failed to object and preserve the matter for appeal. This Court, however, can review the issue under the plain error doctrine contained in Rule 52(b) of the Federal Rules of Criminal Procedure. To find plain error, the Court must find: 1) an error where a legal rule has been violated without a valid waiver by the defendant; 2) that the error was plain, meaning clear or obvious,; and 3) that the error must have affected substantial rights of the defendant. *United States v. Olano,* 507 U.S. 725, 732, 123 L. Ed. 2d 508, 113 S. Ct. 1770 (1993); *see also Sanchez v. Government of the Virgin Islands,* 34 V.I. 105, 109, 921 F. Supp. 297, 300 (D.V.I. App. Div. 1996) (defining plain error as those errors that "seriously affect the fairness, integrity, or public reputation of judicial proceedings" and finding that "the doctrine is to be used sparingly and only where the error was sure to have had an unfair 'prejudicial impact' . . . ."). The Court does not find plain error: Even if the trial judge's participation was in error, the harm caused was remedied

by the curative instruction given to the jury and the substantial rights of the appellant accordingly were not affected.

## C. Sentencing

### 1. Trial Court's Denial of Appellant's Request for Psychological Evaluation Before Sentencing

Counsel for appellant also raises the issue of the Territorial Court's refusal to continue sentencing until Brown could be evaluated by a psychologist. One week before the scheduled sentencing of appellant, counsel for appellant filed a "Request for Psychological Examination," requesting the trial court to authorize payment for the retention of a doctor to perform a psychological evaluation of appellant in order to determine appellant's prospects for rehabilitation. (Appendix at 4-5.) The trial court denied defendant's motion on the basis that defendant "failed to file any supporting documentation or affidavit indicating the specific facts which would establish the justification for such a request only a few days before the scheduled sentencing." (*Id.* at 6.)

■ The trial court has wide discretion to determine the appropriate sentence and such determinations will only be reviewed for abuse of that discretion. The trial court is not required to consider every "possibly relevant" factor when making a sentencing determination. Rather, the court must only consider sufficient information "to enable it to exercise its sentencing discretion in an enlightened manner." *United States v. Stephens*, 699 F.2d 534, 537 (11th Cir. 1983). The trial court in this case had the opportunity to observe the appellant throughout the course of the trial and saw "nothing at all . . . to indicate there is any need for any psychological anything." (Appendix at 531.) The evidence before the trial court clearly was not sufficient to convince the court that a psychological evaluation was necessary. *United States v. Russell*, 738 F.2d 825 (7th Cir. 1984), *aff'd*, 471 U.S. 858, 85 L. Ed. 2d 829, 105 S. Ct. 2455 (1985); *Pennsylvania v. Megella*, 268 Pa. Super. 316, 408 A.2d 483, 487 (Pa. 1979). Accordingly, the trial court did not abuse its sentencing discretion by refusing to continue sentencing until a psychological evaluation could be performed on the appellant.

## 2. Trial Court's Sentencing of Appellant to Consecutive Rather than Concurrent Prison Terms

The final potential issue raised by counsel for appellant is the Territorial Court's decision to sentence appellant to consecutive rather than concurrent prison terms for the two crimes of which he was convicted. Appellant was found guilty of first degree robbery pursuant to 14 V.I.C §§ 11(a) & 1862(2), and guilty of conspiracy in violation of 14 V.I.C. § 551(1). The trial court sentenced appellant to serve fifteen years for the robbery conviction and five years for the conspiracy conviction, with the sentences to run consecutively.

Appellant in his *pro se* briefs argues that his sentence to consecutive terms violates the Double Jeopardy Clause of the Fifth Amendment.[2] Appellant was convicted under the following statutes:

> Whoever commits a crime or offense or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal. (14 V.I.C. § 11(a))
> A person is guilty of robbery in the first degree when, in the course of the commission of the crime or of immediate flight therefrom, he or another perpetrator of the crime: . . . displays, uses or threatens the use of a dangerous weapon. (14 V.I.C. § 1862(2))
> If two or more persons conspire to commit any crime . . . each shall be fined not more than $1,000 or imprisoned not more than 5 years, or both. (14 V.I.C. § 551(1))

The Double Jeopardy Clause protects against multiple punishments for the same offense. The Supreme Court, however, has held repeatedly that the imposition of consecutive sentences for a conspiracy conviction and the underlying substantive conviction, i.e., robbery, constitutes two offenses for which two separate punishments can be imposed, and therefore is not violative of the protections of the Double Jeopardy Clause. *See, e.g., United States v.*

---

[2] The Fifth Amendment of the Constitution is made applicable to the Virgin Islands by section 3 of the Revised Organic Act of 1954. 48 U.S.C. § 1561. The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645 (1994), *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 73-177 (1995 & Supp. 1998) (preceding V.I. CODE ANN. tit. 1).

*Felix*, 503 U.S. 378, 379, 118 L. Ed. 2d 25, 112 S. Ct. 1377 (1992) (conspiracy and substantive drug offense); *United States v. Bayer*, 331 U.S. 532, 91 L. Ed. 1654, 67 S. Ct. 1394 (1947) (conspiracy and substantive fraud offense); *United States v. Pinkerton*, 328 U.S. 640, 643, 90 L. Ed. 1489, 66 S. Ct. 1180 (1946) (conspiracy and substantive tax fraud charge); *see also United States v. Esposito*, 912 F.2d 60, 65 (3d Cir. 1990) (conspiracy under civil RICO and narcotics offense); *United States v. Brahm*, 459 F.2d 546, 551 & n.6 (3d. Cir. 1972) (conspiracy and substantive robbery charge).

■ Accordingly, appellant was subject to two separate punishments for his convictions of the separate crimes of "aiding and abetting" another in the commission of a robbery and conspiring to commit a crime with another.

## IV. CONCLUSION

As mandated by *Anders v. California*, the Court has reviewed the entire record as well as counsel's, appellant's, and the government's briefs. The Court finds no meritorious issues for appeal. Accordingly, we will grant counsel for appellant's motion to withdraw and dismiss this appeal. An appropriate order shall issue.

ENTERED this 17th day of December, 1998.