**PEOPLE OF THE VIRGIN ISLANDS, Plaintiff**
**v.**
**LOUIS POLEON, Defendant**

Case No. ST-08-CR-234
Superior Court of the Virgin Islands
Division of St. Thomas and St. John
November 20, 2008

LOFTON HOLDER, ESQ., Assistant Attorney General Virgin Islands Department of Justice, St. Thomas, USVI, *For the Plaintiff.*

ROBERT LEYCOCK, ESQ., Territorial Public Defender, St. Thomas, USVI, *For the Defendant.*

DUNSTON, *Judge*

## MEMORANDUM OPINION AND ORDER

(November 20, 2008)

This matter comes before the Court on Defendant's September 29, 2008, Motion for Judgment of Acquittal, initially made orally following the jury's return of a verdict of guilty of conspiracy to commit possession of a controlled substance, crack cocaine, with intent to distribute on September 20, 2008. Because his sole co-defendant was acquitted of conspiracy, Defendant contends that the rule of consistency requires his acquittal as well, and he further alleges that there was insufficient evidence to support a conviction for conspiring with anyone other than his co-defendant. On October 10, 2008, the People opposed the Motion, asserting that the evidence was sufficient to establish that Defendant also conspired with the confidential informant (the "CI") who made a controlled purchase of narcotics from Defendant.

## FACTS

At trial, the People presented overwhelming evidence of the drug transaction between Defendant and the CI, including a video and audio recording, the testimony of the CI and several surveillance witnesses, the crack cocaine and packaging delivered by Defendant to the CI, the money

paid to Defendant by the CI, and expert testimony identifying the controlled substance as crack cocaine. Additionally, the People presented a statement of Defendant in which he admitted he agreed to find the drugs for the CI, left the area in his own vehicle, found the co-defendant, brought the co-defendant back to the area where he had spoken to the CI, received drugs from the co-defendant, and gave those drugs to the CI in exchange for money. Before the statement was admitted, the Court ordered redaction of the references identifying the person from whom he got the drugs as his co-defendant. Moreover, during deliberations, the jury sent the Court a note inquiring whether the Agreement Between Conspirators instruction permitted them to find that the person with whom Defendant formed a conspiratorial agreement was someone other than the co-defendant. The Court instructed them that they could, but also referred them to other instructions.

## LEGAL STANDARDS

Rule 29 of the Federal Rules of Criminal Procedure, made applicable to the Superior Court through Rule 7 of the Rules of the Superior Court, permits a defendant to move for a judgment of acquittal following the return of a jury verdict when the evidence is insufficient to sustain a conviction. A judgment of acquittal must be granted when, viewing all the evidence in the light most favorable to, and drawing all reasonable inferences in favor of, the prosecution, the Court determines as a matter of law that a reasonable jury could not find the defendant guilty beyond a reasonable doubt. *Walters v. Virgin Islands*, 36 V.I. 101, 172 F.R.D. 165 (D.V.I. 1997), *affd.*, 135 F.3d 764 (3rd Cir. 1997); *United States v. Charles*, 35 V.I. 306, 949 F. Supp. 365 (D.V.I. 1996).

## DISCUSSION

### The Rule of Consistency

At common law, the rule of consistency provided that where all but one of the alleged participants in a conspiracy have been acquitted, the conviction of the remaining conspirator must be vacated. There is little decisional law in the Virgin Islands regarding the rule. Defendant correctly points out that *Government v. Hoheb*, 777 F.2d 138, 140 (3rd Cir. 1985), indicated that the rule of consistency may be applied in a case, such as this one, where the acquittals and the conviction were rendered in

the same trial by the same jury. However, ultimately, *Hoheb* does not support entry of a judgment of acquittal in favor of Defendant.

Franke Hoheb, then the Chief Enforcement Officer of the Virgin Islands Department of Conservation and Cultural Affairs, and his brother Derek Parrilla, were charged with conspiracy with intent to distribute marijuana for their development of, and participation in, a detailed plan with undercover DEA agents to import 150 pounds of the drug into the Virgin Islands. At trial, both were convicted of simple possession of a controlled substance arising out of the delivery of a sample of the drugs, and Hoheb was convicted of conspiracy, while Parrilla was acquitted. The Hon. Almeric A. Christian granted Hoheb's motion for judgment of acquittal, based on Parrilla's acquittal by the jury and a finding that the evidence was insufficient to support Hoheb's conviction

After the Government appealed, the United States Court of Appeals for the Third Judicial Circuit reversed the trial court's ruling on the conspiracy charge and reinstated the verdict. Relying upon Hoheb's active participation in the importation scheme, the conclusion that certain of the defendants' actions necessarily suggested that additional persons were involved in the plan, and admissions by Hoheb while the crime was in progress, the court held there was substantial evidence upon which a reasonable jury could conclude that Hoheb conspired with someone other than Parrilla to commit the crime. The court pointed out that its prior decisions had addressed the rule of consistency only in dicta, and, after later indicating that it did not decide whether the rule of consistency retained validity, the Third Circuit found that the continued viability of the rule of conspiracy had been brought into doubt by two decisions of the United States Supreme Court, *Standefer v. United States*, 447 U.S. 10, 100 S. Ct. 1999, 64 L. Ed. 2d 689 (1980) and *United States v. Powell*, 469 U.S. 57, 105 S. Ct. 471, 83 L. Ed. 2d 461 (1984):

> ... *Standefer* ... held that a person could be convicted of aiding and abetting a crime even though his principal was acquitted in a separate proceeding ... *Powell* ... reaffirmed and explained the long established rule that a jury may reach inconsistent verdicts with respect to a single defendant in a criminal trial. The rule of consistency pertains to inconsistent verdicts for co-defendants at a single trial, and therefore neither *Standefer* nor *Powell* is directly on point. But while the situation among the cases are not identical, they are similar, and

*Standefer* and *Powell* suggest that the rule of consistency may be a vestige of the past.

(*Hoheb, supra*, at 142) (internal citations omitted).

In a concurring opinion, Judge Garth indicated he would go further that the majority and uphold the conviction on the basis of the *Standefer* and *Powell* decisions:

> Thus, in my view it is clear that even though the crime charged is a criminal conspiracy which must involve at least two individuals, the acquittal of one defendant and the conviction of this co-defendant may nevertheless be upheld even though the verdict may be deemed inconsistent and irrational. As Chief Justice Burger wrote in *Standefer*, "While symmetry of results may be intellectually satisfying, it is not required.". . .
>
> It may be argued by some that neither *Standefer* or *Powell* have affected the "rule of consistency" and that the Supreme Court if faced with the issue we are faced with here, would adhere to that doctrine. I cannot subscribe to that position. In my opinion, the rule of consistency since *Standefer* and *Powell* is no longer a viable doctrine . . . Thus, in my view, the rule of consistency is, as Judge Adams intimates, a rule which is "a vestige of the past.?

(*Id.*, at 143) (internal citations omitted).

The Court is aware that not all courts who have considered the question would inter the rule of consistency after *Standefer*. *See, for example, United States v. Hopkins*, 716 F.2d 739 (10th Cir. 1982). From the Court's research, however, it appears an overwhelming majority of jurisdictions have determined that the rule of consistency is no longer good law. Several of those decisions are collected in *United States v. Crayton*, 357 F.3d 560, 565-66 (6th Cir. 2004), in which the Court stated:

> . . . as a number of our sister circuits have held, Powell rendered the rule of consistency no longer good law. Thus, the acquittal of all but one co-conspirator during the same trial does not necessarily indicate that the jury found no agreement to act. *See United States v. Bucuvalas*, 909 F.2d 593, 597 (1st Cir. 19990); *United States v. Thomas*, 900 F.2d 37, 40 (4th Cir. 1990); *United States v. Zuniga-Salinas*, 952 F.2d 876, 877-79 (5th Cir. 1992) (*en banc*); *United States v. Valles-Valencia*,

148

823 F.2d 381, 381-82 (9th Cir. 1987); *United States v. Andrews*, 850 F.2d 1557, 1560-62 (11th Cir. 1988) (*en banc*). Other circuits have recognized that the rule of consistency does not survive *Powell*, without actually so holding. *United States v. Dakins*, 277 U.S. App. D.C. 91, 872 F.2d 1061, 1065 (D.C.Cir. 1989) (*Powell* "cast[s] doubt" upon rule of consistency); *United States v. Mancari*, 875 F.2d 103, 104 (7th Cir. 1989) (rejection of rule of consistency "makes good sense in light of *Powell*"); *Gov't of the Virgin Islands v. Hoheb*, 777 F.2d 138, 142 n. 6 (3rd Cir. 1985) (rule of consistency "may be a vestige of the past"). *See also Chad W. Coulter, Comment, The Unnecessary Rule of Consistency in Conspiracy Trials*, 135 U. PA. L. REV. 223 (1986).

The only contrary circuit appears to be that of the Tenth Circuit. In *United States v. Suntar Roofing*, Inc., 897 F.2d 469 (10th Cir. 1990), that court, while affirming convictions based on the existence of unindicted co-conspirators, suggested that the rule of consistency may have continuing vitality: The court noted that the trial court's conclusion that the rule of consistency was no longer good law "is substantially undercut by the fact that the *Powell* opinion does not discuss *Hartzel* [*v. United States*, 322 US. 680, 64 S.Ct. 1233, 88 L.Ed. 1534 (1944)] or expressly overturn the traditionally recognized exception." *Suntar Roofing*, 897 F.2d at 475. As the First Circuit has reasoned, however, the Tenth Circuit's concern is not well founded . . .

*Accord, United States v. Acosta*, 17 F.3d 538,545-46 (2nd Cir. 1994); *United States v. Morton*, 412 F.3d 901, 904 (8th Cir. 2005).

■ Consistent with the view expressed in *Hoheb*, the Court reads the law in this Circuit to be that the acquittal of the one of two defendants on conspiracy charges does not require the reversal of the conviction of the other defendant if there is sufficient evidence upon which the jury could find that the convicted defendant conspired with someone other than the codefendant. As a result, the Court must now determine whether the evidence was sufficient in that regard.

### The Sufficiency of the Evidence

Count II of the Information charged that, "On or about June 4, 2008, in St. Thomas, Virgin Islands, Louis Poleon, conspired with another, to commit a crime, possession of crack-cocaine with intent to distribute as set forth in Count One, and committed an overt act of passing drugs to

another, in violation of V.I. CODE ANN. tit, 14 [Secs.] 551(1), 552. [CONSPIRACY] As is readily apparent, the Information does not specifically identify the person with whom Defendant conspired.

### a. the Confidential Informant

■ To sustain a conviction for a drug conspiracy, the evidence must establish that at least two people have entered into an agreement to commit a crime and that one of them committed an overt act in furtherance of the conspiracy. 14 V.I.C. 551, 552. The People contend that the evidence presented at trial was sufficient to establish that Defendant conspired with the confidential informant. While the government need not prove that an express or formal agreement was entered into, a simple intention and an agreement to accomplish a specific illegal objective is not sufficient to make one a conspirator. *United States v. Kelly*, 749 F.2d 1541 (11th Cir. 1985), *cert. den.*, 472 U.S. 1029, 105 S. Ct. 3506, 87 L. Ed. 2d 636 (1985); *United States v. Purin*, 486 F.2d 1363, 1369 (2nd Cir. 1973), *cert. den.*, 417 U.S. 930, 94 S. Ct. 2640, 41 L. Ed. 2d 233 (1974); *United States v. Melchior-Lopez*, 627 F.2d 886 (9th Cir. 1980).

■ In *Sears v. United States*, 343 F.2d 139 (5th Cir. 1965), the court announced what has since become the generally accepted proposition that, because it takes two persons to conspire, there can be no chargeable conspiracy with a government informer who secretly intends to frustrate the conspiracy. The *Sears* court found prejudicial error in the trial court's refusal of a defense instruction that the jury could not convict on the mere showing that the accused accepted a bribe from a government informer, but that the government also had to prove the accused did so with knowledge that some anonymous persons were also involved in the illegal enterprise. Applying the so-called "*Sears* rule", other courts have found that there is no meeting of the minds where the accused conspires only with a government agent. *See United States v. Chase*, 372 F.2d 453, 459 (4th Cir. 1967) *cert. den.*, *Chase v. United States*, 387 U.S. 907, 87 S. Ct. 1688, 18 L. Ed. 2d 626 (1967) (one who acts as a government agent and enters into a purported conspiracy in the secret role of an informer cannot be a con-conspirator); *United States v. Barnes*, 604 F.2d 121, 161 (2nd Cir. 1979), *cert. den.*, 446 U.S. 907, 100 S. Ct. 1833, 64 L. Ed. 2d 260 (1980) ("[T]he Government showed that [the defendant's] involvement was more far-ranging than simply having conspired with Government agents, for which no conspiratorial liability could be imposed."); *United*

*States v. Hayes*, 775 F.2d 1279, 1283 (4th Cir. 1985); *United States v. Moss*, 591 F.2d 428, 434 n. 8 (8th Cir. 1979); *United States v. De Bright*, 742 F.2d 1196, 1196-99 (9th Cir. 1984) ("When one of two persons merely pretends to agree, the other party, whatever he may believe, is in fact not conspiring with anyone. Although he may possess the requisite criminal intent, there has been no criminal act."); *United States v. Barboa*, 777 F.2d 1420, 1422, n. 1 (10th Cir. 1985). *See also, United States v. Derrick*, 778 F. Supp. 260 (D.S.Car. 1991), *revd, on other grounds, United States v. Derrick*, No. 92-5084, Unpublished Opinion (4th Cir. 1994) ("Every court which has considered the issue . . . has adopted the *Sears* rule."). The rationale behind this rule is similar to that underlying the entrapment defense: "The legitimate law enforcement function of crime prevention 'does not include the manufacturing of crime.' " *De Bright, supra*, at 1200.

As a result, the Court must examine whether the evidence was sufficient to permit a reasonable jury to find beyond a reasonable doubt that Defendant conspired with an unidentified person other than Jeff Poleon or the CI.

### b. an unidentified co-conspirator

The instructions to the jury regarding the conspiracy charge included the following:

### ELEMENTS OF CONSPIRACY

In order to prove the offense of conspiracy to commit possession of a controlled substance with intent to distribute as charged in Count II, the People must prove each of the following elements beyond a reasonable doubt:

1. On or about June 4, 2008, in St. Thomas, U.S. Virgin Islands
2. Louis Poleon
3. voluntarily and intentionally
4. reached an agreement or understanding with another
5. to commit the crime of possession of a controlled substance with intent to distribute
6. Louis Poleon knew the purpose of the agreement, and
7. he or a person with whom he agreed knowingly committed one or more overt acts for the purpose of carrying out the agreement.

## AGREEMENT BETWEEN CONSPIRATORS

The People must prove that each Defendant reached an agreement or understanding with at least one other person. The agreement or understanding need not be an express or formal agreement, need not be in writing, and need not cover all the details of how it is to be carried out. Nor is it necessary that the parties have directly stated between themselves the details or purpose of the scheme.

. . .

[A] person may join into an agreement or understanding without knowing all the details of the agreement or understanding and without knowing who all the other members of the conspiracy are. Further, it is not necessary that a person agree to play any particular part in carrying out the agreement or understanding. A person may become a member of a conspiracy even if that person agrees to play only a minor part in the conspiracy, as long as that person has an understanding of the unlawful nature of the plan and voluntarily and intentionally joins in it.

After considering all the evidence, you must decide whether the conspiracy alleged in the Information existed. If you find the conspiracy did exist, you must also decide whether the each of the Defendants voluntarily and intentionally joined the conspiracy, either at the time it was first formed or at some later time while it was still in effect.

The evidence produced at trial overwhelmingly demonstrated that Louis Poleon met the CI on the street in Red Hook, told the CI that he knew someone from whom he could obtain drugs for the CI, told the CI he would return in a few minutes, drove from the area in his vehicle, picked up someone who was in possession of crack-cocaine, returned to the Red Hook area, drove around looking for the CI, found the CI, instructed the CI to move to a different location, was handed drugs by Jeff Poleon, who was in the vehicle with him, gave the drugs to the CI, received money from the CI, and started to drive away before he was stopped and arrested by several federal agents. In addition to testifying to his interaction with Defendant, the CI carried a video camera on his person that, although it did not record the actual exchange of drugs for money, visually and audibly recorded the discussions between Defendant and the CI leading up to the purchase. The CI was searched prior to the

152

purchase and was found not to be in possession of any narcotics, was given Three hundred dollars ($300.00) in currency whose serial numbers were recorded prior to the transaction, and, after the transaction, gave the agents the drugs he purchased from Defendant. Defendant was also searched after the transaction and was found to possess the funds given to the CI. Additional drugs were found in the vehicle after the transaction, allegedly having been thrown there by Jeff Poleon after he exited the vehicle at the direction of the agents.

Several federal agents recounted their observations consistent with information relayed by the CI, specifically including the type of vehicle Defendant was operating, the approximate period of time for Defendant's return to the area, the return of Defendant to the Red Hook area with Jeff Poleon in the vehicle, and the presence of drugs in the vehicle after the transaction.

■ The CI testified, and the recording confirmed, that upon their initial contact Defendant told the CI that he did not have any drugs but that he knew someone who might. This necessarily conveyed to the jury the impression that Defendant obtained the drugs sold to the CI from another person. This conclusion was further bolstered by the fact that, after indicating he had no drugs, Defendant left the area but returned with drugs. Based upon Defendant's representations, a reasonable jury could conclude that Defendant obtained the drugs distributed to the CI from someone else and conspired with someone else to obtain those drugs for distribution.

The conclusion that the jury could reasonably have determined that the person from whom Defendant obtained the drugs was someone other than Jeff Poleon is bolstered by the fact that after his arrest Defendant gave a statement detailing his activities on the day in question, that, as admitted in redacted form, stated:

> . . . The white guy came back to me said he wanted to get "hard", I told him I don't sell drugs, I do taxi, but I could go up the street and, if I find someone who does, I can get you some. I drove up the street and saw ___ by Frydenhoj ball park. I stopped and asked if he had any "stuff" (meaning crack cocaine), and he said "Yeah." I asked him to because there was a guy asking for some. I then drove back to Red Hook with ___ in the passenger side of the car. When ___ got in the car he had a small white container in his hand.

153

. . .

■ Each of the blanks in Defendant's statement represented a place where reference to Jeff Poleon was redacted. The reason for redaction of those portions of Defendant's statement that referred to Jeff Poleon was, of course, to preserve Jeff Poleon's right of confrontation in their joint trial, since neither Defendant testified. The inevitable result of redaction of the portions of the statement that named Jeff Poleon, however, was to permit the jury to conclude that Defendant met with some unidentified person to obtain the drugs sold to the CI. Admission of the Defendant are acceptable evidence of participation by others in a conspiracy and there is no requirement for specific evidence such as the identity of coconspirators and proof of their acts. *Hoheb, supra*. Here, like *Hoheb*, there was both direct and circumstantial evidence that suggested the Defendant acted with another person.

Moreover, during their deliberations the jury sent the Court a note that read as follows:

Instruction No. ___

Agreement Between Conspirators

(Paragraph 1) The People must proved that each Defendant reached an agreement or understanding with at least one other person.

Question: Can that one other person include anyone other than the defendant? Or does it refer to the defendants only?

[Juror's signature and number]

After consultation with counsel, the Court responded:

The Court instructs you that the basic answer to that question is: Yes, the agreement may be with someone other than the defendants. However, you are also reminded that each Defendant is entitled to separate consideration, and the Court suggests that you read the entire instruction on Agreement Between Conspirators and also read the instructions setting forth the Elements of Conspiracy as charged in count II and Count IV.

In so instructing you, the Court also reminds you that the instructions are to be considered together as a whole, and that you should not single out or give greater weight to any one of them, for they are all equally important.

[Judge's name]

In light of the jury's return of a guilty verdict on the conspiracy after asking that question and receiving that instruction, the Court is compelled to conclude that the jury found that Defendant conspired with an unknown person other than the CI or Jeff Poleon and that there was sufficient evidence upon which to base such a verdict. The jurors had the opportunity to discern the demeanor and manner of the witnesses and determine their credibility. The evidence clearly established that on June 4, 2008, in St. Thomas, U.S. Virgin Islands, Louis Poleon voluntarily and intentionally reached an agreement or understanding with another person, who was not identified by name, to commit the crime of possession of a controlled substance with intent to distribute, that Louis Poleon knew the purpose of the agreement, and that he knowingly committed one or more overt acts for the purpose of carrying out the agreement. Because of the redactions from Defendant's statement, the only matter not established to a certainty by the People's proof was the identity of the person with whom the agreement was made. However, there was ample evidence upon which a reasonable jury could conclude beyond a reasonable doubt that he conspired with someone other than Jeff Poleon or the CI.

The premises considered,

IT IS HEREBY ORDERED that Defendant's Motion for Judgment of Acquittal is DENIED; and it is further

ORDERED that a copy of this Order shall be served on Defendant and directed to counsel of record.